Alexander B. Boris, Esq., SBN 313195
Jason B. Javaheri, Esq. SBN 256173
Yosi Yahoudai, Esq. SBN 250679
Parham Nikfarjam, Esq., SBN 311634
**JAVAHERI & YAHOUDAI, APLC.**
A Professional Law Corporation
1880 Century Park East, Suite 717
Los Angeles, California 90067
Telephone: (310) 407-0766
Facsimile: (310) 407-0767
Email: alex@jnylaw.com
Cc: yosi@jnylaw.com and litcalendar@jnylaw.com

Attorneys for Plaintiff, LUIS ARMANDO GUILLEN JR.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – GEORGE E. BROWN JR., FEDERAL BUILDING

| | |
|---|---|
| LUIS ARMANDO GUILLEN JR., an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES POSTAL SERVICE; JULIO CESAR SUAREZ, an Individual; and DOES 1 to 50, Inclusive,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES:**<br><br>1. **GENERAL NEGLIGENCE**<br>2. **MOTOR VEHICLE**<br>   **Gov., Code Section 835**<br>3. **NEGLIGENT SUPERVISION; AND NEGLIGENT HIRING; AND/OR RETENTION**<br><br>[DEMAND FOR JURY TRIAL] |

COMES NOW, Plaintiff, LUIS ARMANDO GUILLEN JR., complains and alleges as follows:

### JURISDICTION AND VENUE

1. This Court has original jurisdiction pursuant to 28 U.S.C. § 1346(b).

1

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e)(1) because a substantial part of the events giving rise to the claim took place in this district.

3. On or about April 19, 2024, Plaintiff, LUIS ARMANDO GUILLEN JR. ("Plaintiff"), presented a claim for injury under the Federal Tort Claims Act to the UNITED STATES POSTAL SERVICE ("USPS"). Attached hereto and marked as **"Exhibit 1"** is a true and correct copy of Plaintiff's claim.

4. Plaintiff, by and through his attorneys of records JAVAHERI & YAHOUDAI, APLC., received correspondence from the UNITED STATES POSTAL SERVICE Tort Claims Investigation Department on May 8, 2024, acknowledging receipt of Plaintiff's formal claim. Attached hereto and marked as **"Exhibit 2"** is a true and correct copy of USPS's acknowledgment.

5. The claims against the public entities are exempt from any immunity pursuant to the Federal Tort Claims Act.

6. To date, there has been no adjudication of Plaintiff's claim.

## GENERAL ALLEGATIONS

7. LUIS ARMANDO GUILLEN JR., an individual, was and/or is residing in Cathedral City, California 92234.

8. Plaintiff is informed and believes, and thereon alleges, that the USPS was at all times mentioned herein, an independent agency of the executive branch of the United States Federal Government conducting business in the County of Riverside, State of California, located at 45300 Portola Avenue, Palm Desert, California, 92260.

9. Plaintiff is informed and believes and thereon alleges, that JULIO CESAR SUAREZ, an individual, (hereinafter "SUAREZ") was and/or still is residing in Coachella, California, 92236.

10. Plaintiff is informed and believes that SUAREZ was operating USPS's vehicle in the course and scope of his employment with USPS at the time of the subject accident.

2

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

11. Plaintiff is informed and believes, and thereon alleges, that Defendants at all times mentioned in this Complaint, were the owners of a White, 2009, Grunman, US Mail Truck, bearing *California* license plate number 9212918 hereinafter referred to as "Defendants' Vehicle"

12. Based on information and belief, SUAREZ was at all times mentioned herein the driver of USPS's Vehicle.

13. Plaintiff does not know the true names or capacities of the Defendants sued herein under the fictitious names DOES 1 to 50, inclusive. Plaintiff is informed and believes, and alleges thereon, that each of those Defendants were legally responsible for the occurrences alleged in this complaint and for Plaintiff's damages.

14. At all times mentioned herein, the accident subject to this action occurred at and/or near 73218 Fiddleneck Lane, Palm Desert, California, 92260, ("Subject Location").

15. The true names and capacities of DOES 1 to 50 Inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Plaintiff will amend this Complaint when such names have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named Defendants are responsible in some manner for the occurrences alleged and that Plaintiff's injuries and damages as alleged were proximately caused by their conduct. The known Defendants and DOE Defendants will collectively be referred to as "Defendants".

16. Plaintiff is informed and believes, and thereon alleges, that each of the DOE Defendants at all relevant times were the agents, employees, servants, joint ventures, directors, fiduciaries, representatives, and/or co-conspirators of each of the remaining Defendants. That the Defendants, in doing the things alleged, were acting within the course and scope of such relationship and are responsible in some manner for the occurrences alleged and, as a proximate cause, of Plaintiff's damages as alleged.

17. Plaintiff is informed and believes, and thereon alleges, that Defendants committed other wrongful acts or omissions of which Plaintiff is presently unaware. Such acts are ongoing and will continue after the filing of this action. Plaintiff will seek leave of the Court

to amend this Complaint when Plaintiff discovers these other acts and/or omissions of such Defendants.

### FACTUAL ALLEGATIONS

18. Plaintiff re-alleges and incorporates by reference paragraphs previously alleged in this Complaint, as though fully set forth herein.

19. On July 5, 2022, Plaintiff was a pedestrian lawfully sitting on the sidewalk at the Subject Location. At the time of the subject accident, SUAREZ failed to see Plaintiff sitting on the sidewalk and violently struck Plaintiff, driving over his left foot. SUAREZ negligently, carelessly and with complete disregard for public safety, blindly drove over Plaintiff's foot, resulting in the subject accident, Plaintiff's serious injuries and related damages.

20. Defendants were the sole cause of the subject accident, Plaintiff's injuries and related damages in violation of California Vehicle Code sections:

- § 22106 which states *"No person shall start a vehicle stopped, standing, or parked on a highway, nor shall any person back a vehicle on a highway until such movement can be made with reasonable safety."*

21. As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff was injured in his health, and activity, sustaining bodily injury, which has caused, and will cause, great mental and physical pain and suffering, all to Plaintiff's general damages in an amount not yet ascertained or in a sum according to proof at the time of trial, but in excess of the minimal jurisdictional limits of this Court.

22. As a further direct and proximate result of the negligence of Defendants and each of them, Plaintiff has incurred, and will incur, medical and related expenses in an amount not yet ascertained or in a sum according to proof at the time of trial, but in excess of the minimal jurisdictional limits of this Court.

23. At the time of said accident, Plaintiff was employed or employable, and as a direct and proximate result of the negligence of Defendants, and each of them, and by reason of the injuries suffered by Plaintiff, Plaintiff sustained loss of earnings and diminished future earning capacity in an amount not yet ascertained or in a sum according to proof at the time of

PLAINTIFF'S COMPLAINT FOR DAMAGES

trial, but in excess of the minimal jurisdictional limits of this Court.

# FIRST CAUSE OF ACTION
## (GENERAL NEGLIGENCE)
**[Against Defendants and DOES 1 to 50, Inclusive]**

24. Plaintiff re-alleges and incorporates by reference paragraphs previously alleged in this Complaint, as though fully set forth herein.

25. Defendants, and each of them, owed a duty of reasonable care to all reasonably foreseeable persons, including Plaintiff, to own, lease, manage, maintain, control, entrust, and operate Defendants' Vehicle in a reasonable manner.

26. At said time and place, Defendants breached the duties described in the preceding paragraph by negligently owning, entrusting, maintaining, operating, and/or driving Defendants' Vehicle so as to be the legal cause of Plaintiff's substantial injuries, Plaintiff's damages and Plaintiff's harm as described herein.

27. Defendants and each of them also breached their duty of reasonable care to Plaintiff through acts and/or omissions including but not limited to operating Defendants' Vehicle in violation of California Vehicle Code (CVC) sections 22106, when Defendants knew or should have known that violating the above CVC sections exposed Plaintiff and other pedestrians to serious bodily injuries and related damages.

28. As a direct and proximate cause of each of the Defendants' negligence, Plaintiff sustained injuries to his body and has been injured in his health, strength, and physical activity.

29. As a direct and proximate cause of each of the Defendants' negligence, Plaintiff suffers and continues to suffer from mental, physical and emotional distress and nervous pain and suffering all to his general damages.

30. As a direct and proximate result of each of the Defendants' negligence, Plaintiff as incurred, and will continue to incur, special damages, including but not limited to, medical and related expenses.

///

## SECOND CAUSE OF ACTION

## (MOTOR VEHICLE)

**[Against Defendants and DOES 1 to 50, Inclusive]**

31. Plaintiff re-alleges and incorporates by reference paragraphs previously alleged in this Complaint, as though fully set forth herein.

32. Defendants and each of them owed Plaintiff a duty not to negligently operate, own, entrust, and/or maintain their vehicle as to cause their vehicle to not to collide into Plaintiff, resulting in the subject accident, Plaintiff's injuries and related damages.

33. The Defendant who operated Defendants' vehicle was SUAREZ and DOES 1 to 10, Inclusive.

34. The Defendants who employed the persons who operated the motor vehicle in the course and scope of his employment, was USPS and/or DOES 11 to 20, Inclusive.

35. The Defendants who owned the motor vehicle, which was operated by SUAREZ was USPS and/or DOES 21 to 30, Inclusive.

36. Other Defendants who may have entrusted the motor vehicle, which was operated by SUAREZ are unknown to Plaintiff who therefore sue these unidentified Defendants' as DOES 31 to 35, Inclusive. Plaintiff will amend this Complaint when the true identity of the DOE named Defendants are ascertained.

37. The Defendants' who were the agents and employees of the other Defendants' and acted within the scope of the agency are unknown to Plaintiff and therefore sue these Defendants' as DOES 36 to 50, Inclusive. Plaintiff will amend this Complaint when the true identity of the DOE named Defendants is ascertained.

38. As a direct and proximate cause of each of the Defendants' negligence, Plaintiff sustained injuries to his body and has been injured in his health, strength, and physical activity.

39. As a direct and proximate cause of each of the Defendants' negligence, Plaintiff suffers and continues to suffer from mental, physical and emotional distress and nervous pain and suffering all to his general damages.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

40. As a direct and proximate result of each of the Defendants' negligence, Plaintiff has incurred and will continue to incur, special damages, including but not limited to, medical and related expenses.

## THIRD CAUSE OF ACTION

## (FOR NEGLIGENT HIRING, SUPERVISION AND/OR RETENTION)

## [Against Defendant United States Postal Services and DOES 1 to 50, Inclusive]

41. Plaintiff re-alleges and incorporates by reference paragraphs previously alleged in this Complaint, as though fully set forth herein.

42. Upon information and belief, USPS hired SUAREZ as their driver but failed to train and supervise SUAREZ while operating their vehicle in the course and scope of his employment as a USPS driver for USPS.

43. That all times mentioned herein SUAREZ was unfit and/or incompetent to operate USPS's vehicle and adequately perform his duties and responsibilities as a USPS driver which he was hired to do by USPS. Furthermore, Plaintiff alleges and believes that USPS knew or should have known that SUAREZ was incompetent, unfit and inexperienced to operate USPS's vehicle as an employee/agent for USPS and that SUAREZ'S incompetence created a risk of harm to Plaintiff, pedestrians and others.

44. As a direct and legal result of USPS' negligent hiring, supervision and retention of SUAREZ, Plaintiff suffers, and continues to suffer the damages hereinabove set forth.

45. USPS, and/or DOES 1 to 50, Inclusive, owed a legal duty to Plaintiff, to provide adequate training and supervision to of each of their agents/employees including SUAREZ prior to allowing SUAREZ and others to operate their vehicle under the course and scope of their employment with USPS.

46. USPS failed to use reasonable care to discover their employees/staff's, and DOES 1 to 50, Inclusive incompetence or unfitness before their hiring or during the course of their employment.

47. USPS, and DOES 1 to 50, Inclusive knew or should have known that their employees/drivers including SUAREZ who was operating their vehicle as a USPS agent, was

unfit for the duties required of his employment either before or after SUAREZ was hired.

48. USPS, and DOES 1 to 50, Inclusive breached their duty of due care by hiring and/or retaining drivers including SUAREZ, after they knew or should have known of the incompetence and/or unfitness of SUAREZ for employment with USPS.

49. As a direct and legal cause of the negligence, neglect, incompetence, failure to supervise and unfitness of USPS employees/drivers and DOES 1 to 50, Inclusive in performing the duties of their employment with USPS, Plaintiff suffered grievous bodily injuries when he was violently struck by SUAREZ, when driving USPS's vehicle which he operated during the course and scope of his employment with USPS.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, LUIS ARMANDO GUILLEN JR., prays for a judgment against all named Defendants and DOES 1 to 50, Inclusive, as follows:

1. For general damages according to proof;

2. For special damages according to proof;

3. For personal property damages according to proof;

4. For pre-judgment and post-judgment interest as allowed by law;

5. For costs of suit incurred herein; and

6. For such other and further relief as this Court may deem just and proper.

Dated: June 12, 2024                JAVAHERI & YAHOUDAI, APLC.


By: *Alexander B. Boris*
ALEXANDER B. BORIS, ESQ.
Attorneys for Plaintiff,
LUIS ARMANDO GUILLEN JR.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demand a trial by jury.

Dated: June 12, 2024           JAVAHERI & YAHOUDAI, APLC.


By:  *Alexander B. Boris*
     ALEXANDER B. BORIS, ESQ.
     Attorneys for Plaintiff,
     LUIS ARMANDO GUILLEN JR.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

EXHIBIT "1"

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| | |

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☐ CIVILIAN | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

9. **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

10. **PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

11. **WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| | |

12. (See instructions on reverse). **AMOUNT OF CLAIM** (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| | | | |

**I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.**

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). *Yosi Yahoudai, Esq.* | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|

| **CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM** | **CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS** |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

**STANDARD FORM 95** (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

| | |
|---|---|
| 15. Do you carry accident Insurance? ☐ Yes  If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☐ No | |

| | | |
|---|---|---|
| 16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☐ No | | 17. If deductible, state amount. |

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

19. Do you carry public liability and property damage insurance? ☐ Yes  If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☐ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

*(d)* **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is <u>solely</u> for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

**STANDARD FORM 95** REV. (2/2007) **BACK**

# EXHIBIT "2"



May 8, 2024

Jason Javaheri, Esq.
Law Offices of Javaheri & Yahoudai
1880 Century Park East, Suite 717
Los Angeles, CA  90067

Re:   Luis Armando Guillen, Jr.
       USPS File No:  920-22-00551111A
       Date of Incident: 07-05-2022
       Receipt of Correspondence: 04-25-2024

Dear Mr. Javaheri:

This is to acknowledge receipt of your correspondence regarding the above referenced incident.  Your correspondence will be given careful consideration by the United States Postal Service, and you will be advised regarding the outcome of the matter.

Any inquiries pertaining to this matter should be directed to me, with reference made to the USPS Case File number listed above, and mailed to the below listed address.

Sincerely,

*[signature]*

CARINA CABALLES
Tort Claims/Collections Specialist

11251 Rancho Carmel Dr #2361
San Diego, CA 92199-9334
858-674-0529 Fax 650-577-4049