JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 24-1237 JGB (SPx)** | Date | September 24, 2024 |
| Title | *Luis Armando Guillen Jr. v. United States Postal Service, et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order (1) DISMISSING Plaintiff's Complaint for Failure to Prosecute; and (2) DIRECTING the Clerk to Close the Case (IN CHAMBERS)

On June 12, 2024, Plaintiff Luis Armando Guillen Jr. ("Plaintiff") filed a complaint against Defendants United States Postal Service and Julio Cesar Suarez (jointly, "Defendants"). ("Complaint," Dkt. No. 1.) On September 11, 2024, the Court ordered Plaintiff to show cause in writing by September 18, 2024, why the action should not be dismissed for lack of prosecution. ("OSC," Dkt. No. 10.) As the Court noted in its OSC, proof of service had not been filed within the required time period. (See id.) To date, Plaintiff still has not filed proof of service. On September 19, 2024, one day after the Court's deadline, Plaintiff's counsel responded to the OSC and stated that it missed the September 18, 2024 deadline due to an "internal docketing error." ("OSC Response," Dkt. No. 11.) Plaintiff's counsel also stated that "[e]fforts are ongoing to perfect service" of the Complaint and that "service will be perfected within approximately 30-45 days." (See id. ¶ 5.) Plaintiff provided no explanation for the delay in service. (See id.)

Federal Rule of Civil Procedure 41(b) grants the Court authority to *sua sponte* dismiss actions for failure to prosecute or failure to comply with court orders. See Fed. R. Civ. P. 41(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016). Plaintiffs must prosecute their cases with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b). Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976). Plaintiff failed to respond to the Court's OSC by the deadline imposed by the Court and provided no explanation for the delay beyond a general reference to an "internal docketing error." (See OSC Response ¶ 3.)

Moreover, absent a showing of good cause, an action must be dismissed without prejudice if the summons and complaint are not served on a defendant within 90 days after the complaint is filed. Fed. R. Civ. Proc. 4(m) ("Rule 4(m)"). Here, Plaintiff's counsel acknowledges that it has yet to serve Defendants, even though the 90-day deadline has passed. (See OSC Response ¶ 5.) Plaintiff's counsel provides no explanation for this delay. (See id.) The Court finds that Plaintiff has failed to prosecute this case with reasonable diligence and that dismissal is therefore appropriate.

Before dismissing an action for either failure to prosecute, failure to obey a court order, or failure to follow the local rules, a court must weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow local rules); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (failure to prosecute or to comply with a court order). The Court need not weigh these factors explicitly. See Ghazali, 46 F.3d at 53–54.

The Court finds that dismissal is appropriate. Both the Court and the public benefit from the expeditious resolution of this action because further delay will impede judicial efficiency. See Pagtalunan, 291 F.3d at 642 ("fail[ing] to pursue the case for almost four months" favors dismissal). Additional delay will also prejudice Defendants, forcing them to spend needless resources on contesting this matter; in fact, Plaintiff has already unreasonably delayed this action without explanation. See Sw. Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000) ("Unreasonable delay is the foundation upon which a court may presume prejudice."). Even in its OSC Response, Plaintiff's counsel was unable to provide an explanation for the delay in service. (See OSC Response.) Moreover, less drastic sanctions are not realistic: Plaintiff has yet to pursue this case in any meaningful way since the filing of the Complaint and is unlikely to do so in the future.

Accordingly, the Court **DISMISSES** Plaintiff's action for failure to prosecute and **DIRECTS** the Clerk to close the case.

**IT IS SO ORDERED.**